# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1488V

| | |
|---|---|
| JOHN MICHAEL DULANEY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 25, 2024 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

　　On October 28, 2020, John Michael Dulaney filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus diphtheria acellular pertussis vaccine received on August 13, 2018. Petition at 1. On August 3, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 44.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $21,801.20 (representing $20,985.50 for fees and $815.70 for costs). Petitioner's Application for Attorneys' Fees, filed Jan. 31, 2024, ECF No. 50. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on February 14, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 51. Petitioner filed no reply.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2024 attorney hourly rates as follows: $375 for work performed by Bridget McCullough - representing a rate increase of $25. ECF No. 42 at 8. Additionally, Petitioner requests an hourly rate of $165 for paralegal work performed by Kathy Yoos. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested.

I also note this case required additional briefing and argument regarding the issue of damages. *See* Status Report, filed Sept. 28, 2022, ECF No. 39 (reporting an impasse in damages discussions); Petitioner's Brief in Support of Damages, filed Jan. 16, 2023, ECF No. 42. Petitioner's counsel expended approximately 6.6 hours drafting the brief in support of damages and 0.5 hours reviewing Respondent's response. ECF No. 50 at 7. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 50 at 10-17. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $21,801.20 (representing $20,985.50 for fees and $815.70 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Bridget Candace McCullough.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master